IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA LTD. and VIFOR (INTERNATIONAL) INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. _____ |
| v. | ) ) ) | |
| GLAND PHARMA LIMITED, SOMERSET THERAPEUTICS, LLC, ODIN PHARMACEUTICALS LLC, QILU PHARMACEUTICAL (HAINAN) CO., LTD., and QILU PHARMA, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Vifor Fresenius Medical Care Renal Pharma Ltd. ("VFMCRP") and Vifor (International), Inc. ("Vifor (International)") (together, "Plaintiffs" or "Vifor") hereby assert the following claims for patent infringement against Defendants Gland Pharma Limited ("Gland"), Somerset Therapeutics, LLC ("Somerset Therapeutics") and Odin Pharmaceuticals LLC ("Odin") (together, "Somerset"), and Qilu Pharmaceutical (Hainan) Co., Ltd. ("Qilu Hainan") and Qilu Pharma, Inc. ("Qilu Pharma") (together, "Qilu") and allege as follows:

## NATURE OF THE ACTION

1.    This is an action for infringement of U.S. Patent Nos. 7,402,564 ("the '564 patent"), 7,713,937 ("the '937 patent"), 7,727,963 ("the '963 patent"), 8,217,007 ("the '007 patent"), 8,236,766 ("the '766 patent"), 8,486,894 ("the '894 patent"), 8,536,131 ("the '131 patent"), 9,334,305 ("the '305 patent"), 9,359,399 ("the '399 patent"), 10,017,536 ("the '536 patent"), 10,138,270 ("the '270 patent"), and 10,793,596 ("the '596 patent") (collectively, "the Patents-in-Suit") under the laws of the United States, 35 U.S.C. § 100, *et seq.* arising from Gland's,

Somerset's and Qilu's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market generic versions of Plaintiffs' KORSUVA® drug product prior to the expiration of the Patents-in-Suit.

## THE PARTIES

2.    Plaintiff VFMCRP is a corporation organized and existing under the laws of Switzerland with its principal place of business at Rechenstrasse 37, CH-9014 St. Gallen, Switzerland.

3.    Plaintiff Vifor (International) is a limited company organized and existing under the laws of Switzerland, with its principal place of business at Rechenstraße 37, St. Gallen, 9000, Switzerland.

4.    On information and belief, Gland is a corporation organized and existing under the laws of India with its principal place of business at Survey No. 143-148, 150 & 151 Near Gandimaisamma 'X' Roads D.P. Pally, Dundigal Gandimaisamma Mandal MedchalMalkjgiri District, Hyderabad 500043, Telangana, India.

5.    On information and belief, Somerset Therapeutics is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

6.    On information and belief, Odin is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873.

7.    On information and belief, Odin and Somerset are each affiliates of Somerset Pharma LLC.

8.    On information and belief, Odin is the designated United States agent for Somerset Therapeutics in connection with Somerset's ANDA No. 220939.

9.      On information and belief, Qilu Hainan is a corporation organized and existing under the laws of China, having a principal place of business at Room A, No. 273, Nanhai Boulevard, State Hi-and New Tech Park, Haikou, Hainan, 570314, China.

10.     On information and belief, Qilu Pharma is a corporation organized and existing under the laws of the State of Pennsylvania, having a principal place of business at 101 Lindenwood Drive, Suite 225, Malvern, PA 19355.

11.     On information and belief, Qilu Hainan and Qilu Pharma are each wholly owned subsidiaries of Qilu Ltd.

12.     On information and belief, Qilu Pharma is the designated United States agent for Qilu Hainan in connection with Qilu's ANDA No. 220919.

## THE PATENTS-IN-SUIT

13.     On July 22, 2008, the United States Patent and Trademark Office ("PTO") issued the '564 patent, entitled "Synthetic Peptide Amides." The inventors of the '564 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo. VFMCRP is the assignee of the '564 patent. A copy of the '564 patent is attached hereto as Exhibit A.

14.     On May 11, 2010, the PTO issued the '937 patent, entitled "Synthetic Peptide Amides and Dimeric Forms Thereof." The inventors of the '937 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo. VFMCRP is the assignee of the '937 patent. A copy of the '937 patent is attached hereto as Exhibit B.

15.     On June 1, 2010, the PTO issued the '963 patent, entitled "Synthetic Peptide Amides." The inventors of the '963 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T.

Chalmers, and Zhiyong Luo. VFMCRP is the assignee of the '963 patent. A copy of the '963 patent is attached hereto as Exhibit C.

16.    On July 10, 2012, the PTO issued the '007 patent, entitled "Synthetic Peptide Amides." The inventors of the '007 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Robert Zhiyong Luo. VFMCRP is the assignee of the '007 patent. A copy of the '007 patent is attached hereto as Exhibit D.

17.    On August 7, 2012, the PTO issued the '766 patent, entitled "Uses of Synthetic Peptide Amides." The inventors of the '766 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo. VFMCRP is the assignee of the '766 patent. A copy of the '766 patent is attached hereto as Exhibit E.

18.    On July 16, 2013, the PTO issued the '894 patent, entitled "Synthetic Peptide Amides and Dimeric Forms Thereof." The inventors of the '894 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo. VFMCRP is the assignee of the '894 patent. A copy of the '894 patent is attached hereto as Exhibit F.

19.    On September 17, 2013, the PTO issued the '131 patent, entitled "Synthetic Peptide Amides and Dimers Thereof." The inventors of the '131 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo. VFMCRP is the assignee of the '131 patent. A copy of the '131 patent is attached hereto as Exhibit G.

20.     On May 10, 2016, the PTO issued the '305 patent, entitled "Synthetic Peptide Amides and Dimers Thereof."   The inventors of the '305 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo.  VFMCRP is the assignee of the '305 patent. A copy of the '305 patent is attached hereto as Exhibit H.

21.     On June 7, 2016, the PTO issued the '399 patent, entitled "Synthetic Peptide Amides."   The inventors of the '399 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo.  VFMCRP is the assignee of the '399 patent.  A copy of the '399 patent is attached hereto as Exhibit I.

22.     On July 10, 2018, the PTO issued the '536 patent, entitled "Synthetic Peptide Amides and Dimers Thereof."   The inventors of the '536 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo.  VFMCRP is the assignee of the '536 patent. A copy of the '536 patent is attached hereto as Exhibit J.

23.     On November 27, 2018, the PTO issued the '270 patent, entitled "Synthetic Peptide Amides."   The inventors of the '270 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T. Chalmers, and Zhiyong Luo.  VFMCRP is the assignee of the '270 patent.  A copy of the '270 patent is attached hereto as Exhibit K.

24.     On October 6, 2020, the PTO issued the '596 patent, entitled "Synthetic Peptide Amides."   The inventors of the '596 patent are Claudio D. Schteingart, Frederique Menzaghi, Guangcheng Jiang, Roberta Vezza Alexander, Javier Sueiras-Diaz, Robert H. Spencer, Derek T.

Chalmers, and Zhiyong Luo.  VFMCRP is the assignee of the '596 patent.  A copy of the '596 patent is attached hereto as Exhibit L.

## THE KORSUVA® DRUG PRODUCT

25.    Vifor (International) holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food, Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for difelikefalin acetate, EQ 0.065 mg base/1.3 mL (EQ 0.05 mg base/mL) (NDA No. 214916), sold under the trade name KORSUVA®.  KORSUVA® is a kappa opioid receptor agonist indicated for the treatment of moderate-to-severe pruritus associated with chronic kidney disease (CKD-aP) in adult patients undergoing hemodialysis.  The FDA approved KORSUVA® in August 2021.

26.    The claims of the Patents-in-Suit cover, *inter alia*, difelikefalin, including, *inter alia*, salts of difelikefalin, formulations of difelikefalin, and methods of using difelikefalin.

27.    Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patents-in-Suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), in connection with KORSUVA®.

## ACTS GIVING RISE TO THIS ACTION

28.    On information and belief, Gland submitted ANDA No. 220918 (the "Gland ANDA") to the FDA under § 505(j) of the FFDCA (21 U.S.C. § 355(j)).  On information and belief, the Gland ANDA seeks approval to engage in the commercial manufacture, use, offer for sale, and/or sale of difelikefalin acetate, 65 mcg of difelikefalin, (the "Gland Proposed ANDA Product"), a generic version of KORSUVA®.  The Gland ANDA specifically seeks FDA approval to market the Gland Proposed ANDA Product prior to the expiration of the Patents-in-Suit.

29.    On information and belief, following any FDA approval of the Gland ANDA, Gland will make, use, offer to sell, or sell the Gland Proposed ANDA Product throughout the United States, or import such generic products into the United States.

30.    On or about October 6, 2025, Vifor received a letter dated October 2, 2025 from Gland's counsel stating that the Gland ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Gland Paragraph IV Certification Letter"), which provides that, in Gland's opinion, the Patents-in-Suit are "invalid, unenforceable, and/or will not be infringed" by the commercial manufacture, use or sale of the Gland Proposed ANDA Product.

31.    This action is being commenced before the expiration of 45 days from the date Vifor received the Gland Paragraph IV Certification Letter.

32.    On information and belief, Somerset Therapeutics, through its United States agent Odin, submitted ANDA No. 220939 (the "Somerset ANDA") to the FDA under § 505(j) of the FFDCA (21 U.S.C. § 355(j)).  On information and belief, the Somerset ANDA seeks approval to engage in the commercial manufacture, use, offer for sale, and/or sale of a solution for intravenous injection containing 0.065 mg base/1.3 mL of difelikefalin, (the "Somerset Proposed ANDA Product"), a generic version of KORSUVA®.  The Somerset ANDA specifically seeks FDA approval to market the Somerset Proposed ANDA Product prior to the expiration of the '564 patent.

33.    On information and belief, following any FDA approval of the Somerset ANDA, Somerset will make, use, offer to sell, or sell the Somerset Proposed ANDA Product throughout the United States, or import such generic products into the United States.

34.    On or about October 1, 2025, Vifor received a letter dated September 29, 2025 from Somerset's counsel stating that the Somerset ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Somerset Paragraph IV Certification Letter"), which provides that, in Somerset's opinion, the '564 patent is "invalid, unenforceable, and/or not infringed" by the commercial manufacture, use or sale of the Somerset Proposed ANDA Product.

35.    This action is being commenced before the expiration of 45 days from the date Vifor received the Somerset Paragraph IV Certification Letter.

36.    On information and belief, Qilu submitted ANDA No. 220919 (the "Qilu ANDA") to the FDA under § 505(j) of the FFDCA (21 U.S.C. § 355(j)).  On information and belief, the Qilu ANDA seeks approval to engage in the commercial manufacture, use, offer for sale, and/or sale of a difelikefalin acetate intravenous solution, EQ 0.065 mg base/1.3 mL (EQ 0.05 mg base/mL), (the "Qilu Proposed ANDA Product"), a generic version of KORSUVA®.  The Qilu ANDA specifically seeks FDA approval to market the Qilu Proposed ANDA Product prior to the expiration of the Patents-in-Suit.

37.    On information and belief, following any FDA approval of the Qilu ANDA, Qilu will make, use, offer to sell, or sell the Qilu Proposed ANDA Product throughout the United States, or import such generic products into the United States.

38.    On or about October 1, 2025, Vifor received a letter dated September 30, 2025 from Qilu's counsel stating that the Qilu ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Qilu Paragraph IV Certification Letter"), which provides that, in Qilu's opinion, the Patents-in-Suit are "invalid, unenforceable, and/or not infringed by the commercial manufacture, use or sale" of the Qilu Proposed ANDA Product.

39.    This action is being commenced before the expiration of 45 days from the date Vifor received the Qilu Paragraph IV Certification Letter.

## SUBJECT MATTER JURISDICTION

40.    This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and 35 U.S.C. § 271.  This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within this Court's jurisdiction.

## PERSONAL JURISDICTION AND VENUE OVER GLAND

41.     This Court has personal jurisdiction over Gland because, *inter alia,* Gland has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware.  These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware.  For example, on information and belief, following approval of the Gland ANDA, Gland will make, use, offer for sale, sell, and/or import the Gland Proposed ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

42.     This Court also has personal jurisdiction over Gland because Gland has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the State of Delaware.  On information and belief, Gland regularly and continuously transacts business within Delaware, including by marketing, distributing, and selling pharmaceutical products in Delaware.  On information and belief, Gland derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

43.     On information and belief, Gland has continuously placed its products into the stream of commerce for distribution and consumption in the State of Delaware, and throughout the United States, and thus has engaged in the regular conduct of business within this Judicial District.

44.     On information and belief, Gland derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

45.     On information and belief, Gland has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in prior patent cases.  On information and belief, Gland has been sued for patent infringement in this District and did not contest personal

jurisdiction in this District in, for example, the following cases: *Actelion Pharmaceuticals Ltd v. Gland Pharma Limited*, C.A. No. 1-24-cv-00434 (D. Del) and *Astellas US LLC et al v. Gland Pharma Limited*, C.A. No. 1-20-cv-00347 (D. Del).

46.    Additionally, on information and belief, Gland has availed itself of the benefits of this forum through assertions of counterclaims in suits brought in this district, such as: *Actelion Pharmaceuticals Ltd v. Gland Pharma Limited*, C.A. No. 1-24-cv-00434 (D. Del) and *Astellas US LLC et al v. Gland Pharma Limited*, C.A. No. 1-20-cv-00347 (D. Del).

47.    In the alternative, this Court has jurisdiction over Gland because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Vifor's claims arise under federal law; (b) Gland is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Gland has sufficient contacts with the United States as a whole, including, but not limited to, participating in the preparation and submission of the Gland ANDA for the Gland Proposed ANDA Product to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Gland satisfies due process.

48.    Venue is proper for Gland under 28 U.S.C. §§ 1391 and/or 1400(b).

49.    Venue is proper in this district with respect to Gland for the reasons set forth above, including because, *inter alia,* Gland is a foreign corporation and is subject to personal jurisdiction in this Judicial District, as set forth above. In addition, Gland has committed an act of infringement and will commit further acts of infringement in this Judicial District, as set forth in paragraph 41 above, and continuously transacts business in this Judicial District, as set forth in paragraphs 42-44 above.

## PERSONAL JURISDICTION AND VENUE OVER SOMERSET

50.     This Court has personal jurisdiction over Somerset Therapeutics because, *inter alia*, Somerset Therapeutics is a corporation organized and existing under the laws of the State of Delaware.

51.     This Court has personal jurisdiction over Odin because, *inter alia*, Odin is a corporation organized and existing under the laws of the State of Delaware.

52.     On information and belief, Odin operates and acts as the United States agent of Somerset Therapeutics and is controlled by Somerset Therapeutics.  On information and belief, Odin operates as a research and development facility that supports all research and development efforts undertaken by Somerset.

53.     Venue is proper for Somerset Therapeutics under 28 U.S.C. §§ 1391 and/or 1400(b).

54.     Venue is proper in this district with respect to Somerset Therapeutics for the reasons set forth above, including because, *inter alia*, Somerset Therapeutics is a corporation organized and existing under the laws of the State of Delaware.

55.     Venue is proper for Odin under 28 U.S.C. §§ 1391 and/or 1400(b).

56.     Venue is proper in this district with respect to Odin for the reasons set forth above, including because, *inter alia*, Odin is a corporation organized and existing under the laws of the State of Delaware.

## PERSONAL JURISDICTION AND VENUE OVER QILU

57.     This Court has personal jurisdiction over Qilu Hainan because, *inter alia,* Qilu Hainan has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware.  These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware.  For example, on

information and belief, following approval of the Qilu ANDA, Qilu Hainan will make, use, offer

for sale, sell, and/or import the Qilu Proposed ANDA Product in the United States, including in

Delaware, prior to the expiration of the Patents-in-Suit.

58.     This Court also has personal jurisdiction over Qilu Hainan because Qilu Hainan has

purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic

and continuous contacts with the State of Delaware.   On information and belief, Qilu Hainan

regularly and continuously transacts business within Delaware, including by marketing,

distributing, and selling pharmaceutical products in Delaware.   On information and belief, Qilu

Hainan derives substantial revenue from the sale of those products in Delaware and has availed

itself of the privilege of conducting business within Delaware.

59.     On information and belief, Qilu Hainan has continuously placed its products into

the stream of commerce for distribution and consumption in the State of Delaware, and throughout

the United States, and thus has engaged in the regular conduct of business within this Judicial

District.

60.     On information and belief, Qilu Hainan derives substantial revenue from selling

generic pharmaceutical products throughout the United States, including in this Judicial District.

61.     On information and belief, Qilu Hainan has previously invoked, stipulated, and/or

consented to personal jurisdiction in this Judicial District in prior patent cases.   On information

and belief, Qilu Hainan has been sued for patent infringement in this District and did not contest

personal jurisdiction in this District in, for example, *Heron Therapeutics, Inc. v. Qilu

Pharmaceutical Co., Ltd. et al.*, C.A. No. 1-25-cv-00357 (D. Del).

62.     Additionally, on information and belief, Qilu Hainan has availed itself of the

benefits of this forum through assertions of counterclaims in suits brought in this district, such as

*Heron Therapeutics, Inc. v. Qilu Pharmaceutical Co., Ltd. et al.*, C.A. No. 1-25-cv-00357 (D. Del).

63.    In the alternative, this Court has jurisdiction over Qilu Hainan because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Vifor's claims arise under federal law; (b) Qilu Hainan is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Qilu Hainan has sufficient contacts with the United States as a whole, including, but not limited to, participating in the preparation and submission of the Qilu ANDA for the Qilu Proposed ANDA Product to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Qilu Hainan satisfies due process.

64.    This Court has personal jurisdiction over Qilu Pharma because, *inter alia,* Qilu Pharma has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware.  These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware.  For example, on information and belief, following approval of the Qilu ANDA, Qilu Pharma will make, use, offer for sale, sell, and/or import the Qilu Proposed ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

65.    This Court also has personal jurisdiction over Qilu Pharma because Qilu Pharma has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the State of Delaware.

66.    On information and belief, Qilu Pharma regularly and continuously transacts business within Delaware, including by marketing, distributing, and selling pharmaceutical products in Delaware.  On information and belief, Qilu Pharma derives substantial revenue from

the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

67.    On information and belief, Qilu Pharma has continuously placed its products into the stream of commerce for distribution and consumption in the State of Delaware, and throughout the United States, and thus has engaged in the regular conduct of business within this Judicial District.

68.    On information and belief, Qilu Pharma derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

69.    On information and belief, Qilu Pharma has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in prior patent cases.  On information and belief, Qilu Pharma has been sued for patent infringement in this District and did not contest personal jurisdiction in this District in, for example, the following cases:  *Heron Therapeutics, Inc. v. Qilu Pharmaceutical Co., Ltd. et al.*, C.A. No. 1-25-cv-00357 (D. Del); *Pfizer Inc. et al v. Qilu Pharmaceutical Co., Ltd. et al.*, C.A. No. 1-21-cv-00929 (D. Del); and *Pfizer Inc. et al. v. Aizant Drug Research Solutions Pvt. Ltd. et al.*, C.A. No. 1-19-cv-00743 (D. Del).

70.    Additionally, on information and belief, Qilu Pharma has availed itself of the benefits of this forum through assertions of counterclaims in suits brought in this district, such as: *Heron Therapeutics, Inc. v. Qilu Pharmaceutical Co., Ltd. et al.*, C.A. No. 1-25-cv-00357 (D. Del); *Pfizer Inc. et al v. Qilu Pharmaceutical Co., Ltd. et al.*, C.A. No. 1-21-cv-00929 (D. Del); and *Pfizer Inc. et al. v. Aizant Drug Research Solutions Pvt. Ltd. et al.*, C.A. No. 1-19-cv-00743 (D. Del).

71.    Venue is proper for Qilu Hainan under 28 U.S.C. §§ 1391 and/or 1400(b).

72.     Venue is proper in this district with respect to Qilu Hainan for the reasons set forth above, including because, *inter alia,* Qilu Hainan is a foreign corporation and is subject to personal jurisdiction in this Judicial District, as set forth above.  In addition, Qilu Hainan has committed an act of infringement and will commit further acts of infringement in this Judicial District, as set forth in paragraph 57 above, and continuously transacts business in this Judicial District, as set forth in paragraphs 58-60 above.

73.     Venue is proper for Qilu Pharma in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

74.     Venue is proper in this district with respect to Gland for the reasons set forth above, including because, *inter alia*, Qilu Pharma will commit further acts of infringement in this Judicial District, as set forth in paragraph 57 above, and continuously transacts business in this Judicial District, as set forth in paragraphs 65-68 above.

## COUNT I:  INFRINGEMENT OF THE '564 PATENT BY GLAND

75.     Plaintiffs repeat and reallege paragraphs 1-74 above as if fully set forth herein.

76.     By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '564 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

77.     Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '564 patent, Gland will further infringe the '564 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

78.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Gland Proposed ANDA Product infringes at least claim 1 of the '564 patent.

79.    Gland has infringed at least claim 1 of the '564 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '564 patent, either literally or under the doctrine of equivalents.

80.    Gland has had knowledge of the '564 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '564 patent by at least the date of service of this Complaint.

81.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '564 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '564 patent.

82.    Upon information and belief, Gland was aware of the '564 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '564 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

83.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '564 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT II:  INFRINGEMENT OF THE '937 PATENT BY GLAND

84.    Plaintiffs repeat and reallege paragraphs 1-83 above as if fully set forth herein.

85.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '937 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

86.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '937 patent, Gland will further infringe the '937 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

87.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Gland Proposed ANDA Product infringes at least claim 1 of the '937 patent.

88.    Gland has infringed at least claim 1 of the '937 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim

under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '937 patent, either literally or under the doctrine of equivalents.

89.    Gland has had knowledge of the '937 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '937 patent by at least the date of service of this Complaint.

90.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '937 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '937 patent.

91.    Upon information and belief, Gland was aware of the '937 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '937 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

92.     Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '937 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT III:  INFRINGEMENT OF THE '963 PATENT BY GLAND

93.     Plaintiffs repeat and reallege paragraphs 1-92 above as if fully set forth herein.

94.     By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '963 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

95.     Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '963 patent, Gland will further infringe the '963 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

96.     Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, the Gland Proposed ANDA Product infringes at least claim 1 of the '963 patent.

97.     Gland has infringed at least claim 1 of the '963 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '963 patent, either literally or under the doctrine of equivalents.

98.     Gland has had knowledge of the '963 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '963 patent by at least the date of service of this Complaint.

99.     Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '963 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '963 patent.

100.    Upon information and belief, Gland was aware of the '963 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '963 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

101.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '963 patent.  Plaintiffs do not have an adequate remedy at law.

**COUNT IV:  INFRINGEMENT OF THE '007 PATENT BY GLAND**

102.    Plaintiffs repeat and reallege paragraphs 1-101 above as if fully set forth herein.

103.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '007 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

104.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '007 patent, Gland will further infringe the '007 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

105.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.    Accordingly, use of the Gland Proposed ANDA Product infringes at least claim 1 of the '007 patent.

106.    Gland has infringed at least claim 1 of the '007 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '007 patent, either literally or under the doctrine of equivalents.

107.    Gland has had knowledge of the '007 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '007 patent by at least the date of service of this Complaint.

108.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '007 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '007 patent.

109.    Upon information and belief, Gland was aware of the '007 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '007 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

110.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '007

## COUNT V:  INFRINGEMENT OF THE '766 PATENT BY GLAND

111.    Plaintiffs repeat and reallege paragraphs 1-110 above as if fully set forth herein.

112.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '766 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

113.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '766 patent, Gland will further infringe the '766 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

114.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, use of the Gland Proposed ANDA Product infringes at least claim 1 of the '766 patent.

115.    Gland has infringed at least claim 1 of the '766 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '766 patent, either literally or under the doctrine of equivalents.

116.    Gland has had knowledge of the '766 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '766 patent by at least the date of service of this Complaint.

117.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '766 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.

Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '766 patent.

118.    Upon information and belief, Gland was aware of the '766 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '766 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

119.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '766 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT VI:  INFRINGEMENT OF THE '894 PATENT BY GLAND

120.    Plaintiffs repeat and reallege paragraphs 1-119 above as if fully set forth herein.

121.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '894 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

122.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '894 patent, Gland will further infringe the '894 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

123.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, use of the Gland Proposed ANDA Product infringes at least claim 1 of the '894 patent.

124.    Gland has infringed at least claim 1 of the '894 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '894 patent, either literally or under the doctrine of equivalents.

125.    Gland has had knowledge of the '894 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '894 patent by at least the date of service of this Complaint.

126.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '894 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '894 patent.

127.    Upon information and belief, Gland was aware of the '894 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '894 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

128.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '894 patent.  Plaintiffs do not have an adequate remedy at law.

### COUNT VII:  INFRINGEMENT OF THE '131 PATENT BY GLAND

129.    Plaintiffs repeat and reallege paragraphs 1-128 above as if fully set forth herein.

130.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '131 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

131.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '131 patent, Gland will further infringe the '131 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

132.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Gland Proposed ANDA Product infringes at least claim 1 of the '131 patent.

133.    Gland has infringed at least claim 1 of the '131 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim

under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '131 patent, either literally or under the doctrine of equivalents.

134.    Gland has had knowledge of the '131 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '131 patent by at least the date of service of this Complaint.

135.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '131 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '131 patent.

136.    Upon information and belief, Gland was aware of the '131 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '131 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

137.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '131 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT VIII:  INFRINGEMENT OF THE '305 PATENT BY GLAND

138.    Plaintiffs repeat and reallege paragraphs 1-137 above as if fully set forth herein.

139.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '305 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

140.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '305 patent, Gland will further infringe the '305 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

141.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, use of the Gland Proposed ANDA Product infringes at least claim 1 of the '305 patent.

142.    Gland has infringed at least claim 1 of the '305 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '305 patent, either literally or under the doctrine of equivalents.

- 28 -

143.    Gland has had knowledge of the '305 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '305 patent by at least the date of service of this Complaint.

144.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '305 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '305 patent.

145.    Upon information and belief, Gland was aware of the '305 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '305 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

146.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '305 patent.  Plaintiffs do not have an adequate remedy at law.

### COUNT IX:  INFRINGEMENT OF THE '399 PATENT BY GLAND

147.    Plaintiffs repeat and reallege paragraphs 1-146 above as if fully set forth herein.

- 29 -

148.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '399 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

149.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '399 patent, Gland will further infringe the '399 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

150.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, the Gland Proposed ANDA Product infringes at least claim 1 of the '399 patent.

151.    Gland has infringed at least claim 1 of the '399 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '399 patent, either literally or under the doctrine of equivalents.

152.    Gland has had knowledge of the '399 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '399 patent by at least the date of service of this Complaint.

153.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '399 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '399 patent.

154.    Upon information and belief, Gland was aware of the '399 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '399 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

155.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '399 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT X:  INFRINGEMENT OF THE '536 PATENT BY GLAND

156.    Plaintiffs repeat and reallege paragraphs 1-155 above as if fully set forth herein.

157.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '536 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

158.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '536 patent, Gland will further infringe the '536 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

159.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Gland Proposed ANDA Product infringes at least claim 1 of the '536 patent.

160.    Gland has infringed at least claim 1 of the '536 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '536 patent, either literally or under the doctrine of equivalents.

161.    Gland has had knowledge of the '536 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '536 patent by at least the date of service of this Complaint.

162.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '536 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the

Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '536 patent.

163.    Upon information and belief, Gland was aware of the '536 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '536 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

164.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '536 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT XI:  INFRINGEMENT OF THE '270 PATENT BY GLAND

165.    Plaintiffs repeat and reallege paragraphs 1-164 above as if fully set forth herein.

166.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '270 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

167.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '270 patent, Gland will further infringe the '270 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

168.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus,

and claims bioequivalence to KORSUVA®.  Accordingly, use of the Gland Proposed ANDA Product infringes at least claim 1 of the '270 patent.

169.    Gland has infringed at least claim 1 of the '270 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '270 patent, either literally or under the doctrine of equivalents.

170.    Gland has had knowledge of the '270 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '270 patent by at least the date of service of this Complaint.

171.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '270 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '270 patent.

172.    Upon information and belief, Gland was aware of the '270 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents.

Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '270 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

173.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '270 patent.  Plaintiffs do not have an adequate remedy at law.

### COUNT XII:  INFRINGEMENT OF THE '596 PATENT BY GLAND

174.    Plaintiffs repeat and reallege paragraphs 1-173 above as if fully set forth herein.

175.    By filing the Gland ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Gland Proposed ANDA Product before the expiration of the '596 patent, Gland committed an act of infringement under 35 U.S.C. § 271(e)(2).

176.    Moreover, if Gland commercially makes, uses, offers to sell, or sells the Gland Proposed ANDA Product within the United States, or imports the Gland Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '596 patent, Gland will further infringe the '596 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

177.    Upon information and belief, the Gland Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Gland Proposed ANDA Product infringes at least claim 1 of the '596 patent.

178.    Gland has infringed at least claim 1 of the '596 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Gland's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Gland Proposed ANDA Product and the methods of using the Gland Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare

providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '596 patent, either literally or under the doctrine of equivalents.

179.    Gland has had knowledge of the '596 patent since at least the date Gland submitted the Gland ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Gland has had knowledge of the '596 patent by at least the date of service of this Complaint.

180.    Upon information and belief, Gland has knowledge that if it were to receive approval from the FDA to market the Gland Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '596 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Gland has knowledge of such infringing use and also knows that the Gland Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '596 patent.

181.    Upon information and belief, Gland was aware of the '596 patent prior to filing the Gland ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Gland Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '596 patent, and based on Gland's Paragraph IV Certification allegations, Gland possesses the specific intent to encourage others to infringe.

182.    Plaintiffs will be irreparably harmed if Gland is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '596 patent.  Plaintiffs do not have an adequate remedy at law.

**COUNT XIII:  INFRINGEMENT OF THE '564 PATENT BY SOMERSET**

183.    Plaintiffs repeat and reallege paragraphs 1-182 above as if fully set forth herein.

184.    By filing the Somerset ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Somerset Proposed ANDA Product before the expiration of the '564 patent, Somerset committed an act of infringement under 35 U.S.C. § 271(e)(2).

185.    Moreover, if Somerset commercially makes, uses, offers to sell, or sells the Somerset Proposed ANDA Product within the United States, or imports the Somerset Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '564 patent, Somerset will further infringe the '564 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

186.    Upon information and belief, the Somerset Proposed ANDA Product includes the active ingredient difelikefalin and claims bioequivalence to KORSUVA®.  Accordingly, the Somerset Proposed ANDA Product infringes at least claim 1 of the '564 patent.

187.    Somerset has infringed at least claim 1 of the '564 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Somerset's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Somerset Proposed ANDA Product and the methods of using the Somerset Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '564 patent, either literally or under the doctrine of equivalents.

188.    Somerset has had knowledge of the '564 patent since at least the date Somerset submitted the Somerset ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Somerset has had knowledge of the '564 patent by at least the date of service of this Complaint.

189.    Upon information and belief, Somerset has knowledge that if it were to receive approval from the FDA to market the Somerset Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '564 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Somerset has knowledge of such infringing use and also knows that the Somerset Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '564 patent.

190.    Upon information and belief, Somerset was aware of the '564 patent prior to filing the Somerset ANDA, including its Paragraph IV Certification allegations with respect to those patents.  Upon information and belief, the proposed label for the Somerset Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '564 patent, and based on Somerset's Paragraph IV Certification allegations, Somerset possesses the specific intent to encourage others to infringe.

191.    Plaintiffs will be irreparably harmed if Somerset is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '564 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT XIV:  INFRINGEMENT OF THE '564 PATENT BY QILU

192.    Plaintiffs repeat and reallege paragraphs 1-191 above as if fully set forth herein.

193. By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '564 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

194. Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '564 patent, Qilu will further infringe the '564 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

195. Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®. Accordingly, the Qilu Proposed ANDA Product infringes at least claim 1 of the '564 patent.

196. Qilu has infringed at least claim 1 of the '564 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '564 patent, either literally or under the doctrine of equivalents.

197. Qilu has had knowledge of the '564 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). Qilu has had knowledge of the '564 patent by at least the date of service of this Complaint.

198. Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for

sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '564 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '564 patent.

199.    Upon information and belief, Qilu was aware of the '564 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '564 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

200.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '564 patent. Plaintiffs do not have an adequate remedy at law.

## COUNT XV:  INFRINGEMENT OF THE '937 PATENT BY QILU

201.    Plaintiffs repeat and reallege paragraphs 1-200 above as if fully set forth herein.

202.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '937 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

203.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product

into the United States, or induces or contributes to any such conduct during the term of the '937 patent, Qilu will further infringe the '937 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

204.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Qilu Proposed ANDA Product infringes at least claim 1 of the '937 patent.

205.    Qilu has infringed at least claim 1 of the '937 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '937 patent, either literally or under the doctrine of equivalents.

206.    Qilu has had knowledge of the '937 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '937 patent by at least the date of service of this Complaint.

207.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '937 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial

noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '937 patent.

208.    Upon information and belief, Qilu was aware of the '937 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '937 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

209.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '937 patent.  Plaintiffs do not have an adequate remedy at law.

### COUNT XVI:  INFRINGEMENT OF THE '963 PATENT BY QILU

210.    Plaintiffs repeat and reallege paragraphs 1-209 above as if fully set forth herein.

211.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '963 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

212.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '963 patent, Qilu will further infringe the '963 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

213.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Qilu Proposed ANDA Product infringes at least claim 1 of the '963 patent.

- 42 -

214.    Qilu has infringed at least claim 1 of the '963 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '963 patent, either literally or under the doctrine of equivalents.

215.    Qilu has had knowledge of the '963 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '963 patent by at least the date of service of this Complaint.

216.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '963 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '963 patent.

217.    Upon information and belief, Qilu was aware of the '963 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '963 patent,

and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

218.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '963 patent.  Plaintiffs do not have an adequate remedy at law.

### COUNT XVII:  INFRINGEMENT OF THE '007 PATENT BY QILU

219.    Plaintiffs repeat and reallege paragraphs 1-218 above as if fully set forth herein.

220.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '007 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

221.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '007 patent, Qilu will further infringe the '007 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

222.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, use of the Qilu Proposed ANDA Product infringes at least claim 1 of the '007 patent.

223.    Qilu has infringed at least claim 1 of the '007 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare

providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '007 patent, either literally or under the doctrine of equivalents.

224.    Qilu has had knowledge of the '007 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '007 patent by at least the date of service of this Complaint.

225.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '007 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '007 patent.

226.    Upon information and belief, Qilu was aware of the '007 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '007 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

227.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '007

## COUNT XVIII:  INFRINGEMENT OF THE '766 PATENT BY QILU

228.    Plaintiffs repeat and reallege paragraphs 1-227 above as if fully set forth herein.

229.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '766 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

230.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '766 patent, Qilu will further infringe the '766 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

231.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, use of the Qilu Proposed ANDA Product infringes at least claim 1 of the '766 patent.

232.    Qilu has infringed at least claim 1 of the '766 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '766 patent, either literally or under the doctrine of equivalents.

233.    Qilu has had knowledge of the '766 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '766 patent by at least the date of service of this Complaint.

234.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '766 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '766 patent.

235.    Upon information and belief, Qilu was aware of the '766 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '766 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

236.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '766 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT XIX:  INFRINGEMENT OF THE '894 PATENT BY QILU

237.    Plaintiffs repeat and reallege paragraphs 1-236 above as if fully set forth herein.

238.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '894 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

239.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '894 patent, Qilu will further infringe the '894 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

240.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, use of the Qilu Proposed ANDA Product infringes at least claim 1 of the '894 patent.

241.    Qilu has infringed at least claim 1 of the '894 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '894 patent, either literally or under the doctrine of equivalents.

242.    Qilu has had knowledge of the '894 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '894 patent by at least the date of service of this Complaint.

243.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '894 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '894 patent.

244.    Upon information and belief, Qilu was aware of the '894 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '894 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

245.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '894 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT XX:  INFRINGEMENT OF THE '131 PATENT BY QILU

246.    Plaintiffs repeat and reallege paragraphs 1-245 above as if fully set forth herein.

247.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '131 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

248.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '131 patent, Qilu will further infringe the '131 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

249.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Qilu Proposed ANDA Product infringes at least claim 1 of the '131 patent.

250.    Qilu has infringed at least claim 1 of the '131 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '131 patent, either literally or under the doctrine of equivalents.

251.    Qilu has had knowledge of the '131 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '131 patent by at least the date of service of this Complaint.

252.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '131 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed

ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '131 patent.

253.    Upon information and belief, Qilu was aware of the '131 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '131 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

254.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '131 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT XXI:  INFRINGEMENT OF THE '305 PATENT BY QILU

255.    Plaintiffs repeat and reallege paragraphs 1-254 above as if fully set forth herein.

256.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '305 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

257.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '305 patent, Qilu will further infringe the '305 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

258.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and

claims bioequivalence to KORSUVA®.  Accordingly, use of the Qilu Proposed ANDA Product infringes at least claim 1 of the '305 patent.

259.    Qilu has infringed at least claim 1 of the '305 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '305 patent, either literally or under the doctrine of equivalents.

260.    Qilu has had knowledge of the '305 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '305 patent by at least the date of service of this Complaint.

261.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '305 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '305 patent.

262.    Upon information and belief, Qilu was aware of the '305 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents.

Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '305 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

263.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '305 patent.  Plaintiffs do not have an adequate remedy at law.

### COUNT XXII:  INFRINGEMENT OF THE '399 PATENT BY QILU

264.    Plaintiffs repeat and reallege paragraphs 1-263 above as if fully set forth herein.

265.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '399 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

266.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '399 patent, Qilu will further infringe the '399 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

267.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, use of the Qilu Proposed ANDA Product infringes at least claim 1 of the '399 patent.

268.    Qilu has infringed at least claim 1 of the '399 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the

methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '399 patent, either literally or under the doctrine of equivalents.

269.    Qilu has had knowledge of the '399 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '399 patent by at least the date of service of this Complaint.

270.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '399 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '399 patent.

271.    Upon information and belief, Qilu was aware of the '399 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '399 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

272.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '399 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT XXIII:  INFRINGEMENT OF THE '536 PATENT BY QILU

273.    Plaintiffs repeat and reallege paragraphs 1-272 above as if fully set forth herein.

274.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '536 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

275.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '536 patent, Qilu will further infringe the '536 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

276.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®.  Accordingly, the Qilu Proposed ANDA Product infringes at least claim 1 of the '536 patent.

277.    Qilu has infringed at least claim 1 of the '536 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '536 patent, either literally or under the doctrine of equivalents.

278.    Qilu has had knowledge of the '536 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under

35 U.S.C. § 271(e)(2). Qilu has had knowledge of the '536 patent by at least the date of service of this Complaint.

279.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '536 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '536 patent.

280.    Upon information and belief, Qilu was aware of the '536 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '536 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

281.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '536 patent. Plaintiffs do not have an adequate remedy at law.

**COUNT XXIV: INFRINGEMENT OF THE '270 PATENT BY QILU**

282.    Plaintiffs repeat and reallege paragraphs 1-281 above as if fully set forth herein.

283.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu

Proposed ANDA Product before the expiration of the '270 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

284.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '270 patent, Qilu will further infringe the '270 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

285.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate, is indicated for the treatment of moderate-to-severe pruritus, and claims bioequivalence to KORSUVA®.  Accordingly, use of the Qilu Proposed ANDA Product infringes at least claim 1 of the '270 patent.

286.    Qilu has infringed at least claim 1 of the '270 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '270 patent, either literally or under the doctrine of equivalents.

287.    Qilu has had knowledge of the '270 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2).  Qilu has had knowledge of the '270 patent by at least the date of service of this Complaint.

288.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during

the proposed shelf life of the products before expiration of the '270 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '270 patent.

289.    Upon information and belief, Qilu was aware of the '270 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '270 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

290.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '270 patent. Plaintiffs do not have an adequate remedy at law.

## COUNT XXV: INFRINGEMENT OF THE '596 PATENT BY QILU

291.    Plaintiffs repeat and reallege paragraphs 1-290 above as if fully set forth herein.

292.    By filing the Qilu ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Qilu Proposed ANDA Product before the expiration of the '596 patent, Qilu committed an act of infringement under 35 U.S.C. § 271(e)(2).

293.    Moreover, if Qilu commercially makes, uses, offers to sell, or sells the Qilu Proposed ANDA Product within the United States, or imports the Qilu Proposed ANDA Product

into the United States, or induces or contributes to any such conduct during the term of the '596 patent, Qilu will further infringe the '596 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

294.    Upon information and belief, the Qilu Proposed ANDA Product includes the active ingredient difelikefalin acetate and claims bioequivalence to KORSUVA®. Accordingly, the Qilu Proposed ANDA Product infringes at least claim 1 of the '596 patent.

295.    Qilu has infringed at least claim 1 of the '596 patent under 35 U.S.C. § 271(e)(2) and, upon approval of Qilu's Proposed ANDA Product, will further infringe at least that claim under 35 U.S.C. §§ 271(a), (b), and/or (c) because the Qilu Proposed ANDA Product and the methods of using the Qilu Proposed ANDA Product, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least claim 1 of the '596 patent, either literally or under the doctrine of equivalents.

296.    Qilu has had knowledge of the '596 patent since at least the date Qilu submitted the Qilu ANDA and was aware that submission of its ANDA constituted an act of infringement under 35 U.S.C. § 271(e)(2). Qilu has had knowledge of the '596 patent by at least the date of service of this Complaint.

297.    Upon information and belief, Qilu has knowledge that if it were to receive approval from the FDA to market the Qilu Proposed ANDA Product and made that product available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '596 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Qilu has knowledge of such infringing use and also knows that the Qilu Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial

noninfringing use, but rather is especially made and/or adapted for use in the direct infringement of the '596 patent.

298.    Upon information and belief, Qilu was aware of the '596 patent prior to filing the Qilu ANDA, including its Paragraph IV Certification allegations with respect to those patents. Upon information and belief, the proposed label for the Qilu Proposed ANDA Product induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '596 patent, and based on Qilu's Paragraph IV Certification allegations, Qilu possesses the specific intent to encourage others to infringe.

299.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the '596 patent.  Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF AGAINST GLAND

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A Judgment that Gland has infringed one or more claims of the '564 patent by filing the Gland ANDA;

B.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '564 patent, and/or induce or contribute to the infringement of one or more claims of the '564 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

C.    A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '564 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '564 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

E.    A Judgment that Gland has infringed one or more claims of the '937 patent by filing the Gland ANDA;

F.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '937 patent, and/or induce or contribute to the infringement of one or more claims of the '937 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

G.    A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '937 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

H.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '937 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

I.    A Judgment that Gland has infringed one or more claims of the '963 patent by filing the Gland ANDA;

J.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '963 patent, and/or induce or contribute to the infringement of one or more claims of the '963 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

K.      A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '963 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

L.      An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '963 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

M.      A Judgment that Gland has infringed one or more claims of the '007 patent by filing the Gland ANDA;

N.      A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '007 patent, and/or induce or contribute to the infringement of one or more claims of the '007 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

O.      A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '007 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

P.      An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '007 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

Q.     A Judgment that Gland has infringed one or more claims of the '766 patent by filing the Gland ANDA;

R.     A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '766 patent, and/or induce or contribute to the infringement of one or more claims of the '766 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

S.     A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '766 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

T.     An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '766 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

U.     A Judgment that Gland has infringed one or more claims of the '894 patent by filing the Gland ANDA;

V.     A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '894 patent, and/or induce or contribute to the infringement of one or more claims of the '894 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

W.     A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into

the United States, of the Gland Proposed ANDA Product until after the expiration of the '894 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

X.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '894 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

Y.    A Judgment that Gland has infringed one or more claims of the '131 patent by filing the Gland ANDA;

Z.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '131 patent, and/or induce or contribute to the infringement of one or more claims of the '131 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

AA.    A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '131 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

BB.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '131 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

CC.    A Judgment that Gland has infringed one or more claims of the '305 patent by filing the Gland ANDA;

DD.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of

one or more claims of the '305 patent, and/or induce or contribute to the infringement of one or more claims of the '305 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

EE.    A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '305 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

FF.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '305 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

GG.    A Judgment that Gland has infringed one or more claims of the '399 patent by filing the Gland ANDA;

HH.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '399 patent, and/or induce or contribute to the infringement of one or more claims of the '399 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

II.    A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '399 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

JJ.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '399 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

KK.    A Judgment that Gland has infringed one or more claims of the '536 patent by filing the Gland ANDA;

LL.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '536 patent, and/or induce or contribute to the infringement of one or more claims of the '536 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

MM.    A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '536 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

NN.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '536 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

OO.    A Judgment that Gland has infringed one or more claims of the '270 patent by filing the Gland ANDA;

PP.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '270 patent, and/or induce or contribute to the infringement of one or more claims of the '270 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

QQ.    A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '270 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

RR.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '270 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

SS.    A Judgment that Gland has infringed one or more claims of the '596 patent by filing the Gland ANDA;

TT.    A Judgment that Gland has infringed, and that Gland's making, using, offering to sell, selling, or importing the Gland Proposed ANDA Product would constitute infringement of one or more claims of the '596 patent, and/or induce or contribute to the infringement of one or more claims of the '596 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

UU.    A permanent injunction restraining and enjoining Gland, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Gland Proposed ANDA Product until after the expiration of the '596 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

VV.    An Order that the effective date of any approval of the Gland ANDA relating to the Gland Proposed ANDA Product be a date that is not earlier than the expiration date of the '596 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

WW.    Damages or other monetary relief to Vifor if Gland engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Gland ANDA prior to the latest expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Vifor is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(C).

XX.    A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and Plaintiffs be awarded their attorneys' fees; and

YY.    Such other and further relief as the Court may deem just and proper.

## **PRAYER FOR RELIEF AGAINST SOMERSET**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A Judgment that Somerset has infringed one or more claims of the '564 patent by filing the Somerset ANDA;

B.    A Judgment that Somerset has infringed, and that Somerset's making, using, offering to sell, selling, or importing the Somerset Proposed ANDA Product would constitute infringement of one or more claims of the '564 patent, and/or induce or contribute to the infringement of one or more claims of the '564 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

C.    A permanent injunction restraining and enjoining Somerset, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Somerset Proposed ANDA Product until after the expiration of the '564 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D.    An Order that the effective date of any approval of the Somerset ANDA relating to the Somerset Proposed ANDA Product be a date that is not earlier than the expiration date of the

'564 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

E.      Damages or other monetary relief to Vifor if Somerset engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Somerset ANDA prior to the latest expiration date of the '564 patent, including any extensions and/or additional periods of exclusivity to which Vifor is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(C).

F.      A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and Plaintiffs be awarded their attorneys' fees; and

G.      Such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF AGAINST QILU

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A Judgment that Qilu has infringed one or more claims of the '564 patent by filing the Qilu ANDA;

B.      A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '564 patent, and/or induce or contribute to the infringement of one or more claims of the '564 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

C.      A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '564 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D.      An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '564 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

E.      A Judgment that Qilu has infringed one or more claims of the '937 patent by filing the Qilu ANDA;

F.      A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '937 patent, and/or induce or contribute to the infringement of one or more claims of the '937 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

G.      A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '937 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

H.      An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '937 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

I.      A Judgment that Qilu has infringed one or more claims of the '963 patent by filing the Qilu ANDA;

J.      A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '963 patent, and/or induce or contribute to the infringement of one or more claims of the '963 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

K.      A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '963 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

L.      An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '963 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

M.      A Judgment that Qilu has infringed one or more claims of the '007 patent by filing the Qilu ANDA;

N.      A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '007 patent, and/or induce or contribute to the infringement of one or more claims of the '007 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

O.      A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '007 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

P.      An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '007 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

Q.      A Judgment that Qilu has infringed one or more claims of the '766 patent by filing the Qilu ANDA;

R.      A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '766 patent, and/or induce or contribute to the infringement of one or more claims of the '766 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

S.      A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '766 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

T.      An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '766 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

U.      A Judgment that Qilu has infringed one or more claims of the '894 patent by filing the Qilu ANDA;

V.      A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '894 patent, and/or induce or contribute to the infringement of one or more claims of the '894 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

W.      A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into

the United States, of the Qilu Proposed ANDA Product until after the expiration of the '894 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

X.    An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '894 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

Y.    A Judgment that Qilu has infringed one or more claims of the '131 patent by filing the Qilu ANDA;

Z.    A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '131 patent, and/or induce or contribute to the infringement of one or more claims of the '131 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

AA.    A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '131 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

BB.    An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '131 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

CC.    A Judgment that Qilu has infringed one or more claims of the '305 patent by filing the Qilu ANDA;

DD.    A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or

more claims of the '305 patent, and/or induce or contribute to the infringement of one or more claims of the '305 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

EE.    A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '305 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

FF.    An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '305 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

GG.    A Judgment that Qilu has infringed one or more claims of the '399 patent by filing the Qilu ANDA;

HH.    A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '399 patent, and/or induce or contribute to the infringement of one or more claims of the '399 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

II.    A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '399 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

JJ.    An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '399 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

KK.    A Judgment that Qilu has infringed one or more claims of the '536 patent by filing the Qilu ANDA;

LL.    A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '536 patent, and/or induce or contribute to the infringement of one or more claims of the '536 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

MM.    A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '536 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

NN.    An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '536 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

OO.    A Judgment that Qilu has infringed one or more claims of the '270 patent by filing the Qilu ANDA;

PP.    A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '270 patent, and/or induce or contribute to the infringement of one or more claims of the '270 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

QQ.    A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '270 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

RR.    An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '270 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

SS.    A Judgment that Qilu has infringed one or more claims of the '596 patent by filing the Qilu ANDA;

TT.    A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing the Qilu Proposed ANDA Product would constitute infringement of one or more claims of the '596 patent, and/or induce or contribute to the infringement of one or more claims of the '596 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

UU.    A permanent injunction restraining and enjoining Qilu, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Qilu Proposed ANDA Product until after the expiration of the '596 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

VV.    An Order that the effective date of any approval of the Qilu ANDA relating to the Qilu Proposed ANDA Product be a date that is not earlier than the expiration date of the '596 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

WW. Damages or other monetary relief to Vifor if Qilu engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Qilu ANDA prior to the latest expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Vifor is or becomes entitled, in accordance with 35 U.S.C. § 271(e)(4)(C).

XX. A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and Plaintiffs be awarded their attorneys' fees; and

YY. Such other and further relief as the Court may deem just and proper.


Dated: November 13, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*s/ Jared W. Newton*

Jared W. Newton (#7519)
500 Delaware Avenue, Suite 220
Wilmington, DE 19801
(302) 302-4000
jarednewton@quinnemanuel.com

*Attorneys for Plaintiffs Vifor Fresenius Medical Care Renal Pharma Ltd. and Vifor (International) Inc.*

OF COUNSEL:

Matthew A. Traupman
Elliot Choi
Shira M. Bergman
QUINN EMANUEL
 URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000